```
IN THE UNITED STATES DISTRICT COURT FOR THE
         SOUTHERN DISTRICT OF GEORGIA
                AUGUSTA DIVISION
```

MARK INGRAM, Individually and      *
as Personal Representative of      *
the Estate of Kellie Ingram,       *
                                   *
     Plaintiff,                    *
                                   *
          v.                       *     1:14-cv-142
                                   *
AAA COOPER TRANSPORTATION,         *
INC.,                              *
                                   *
     Defendant.                    *
                                   *

## O R D E R

On March 1, 2016, the Court granted summary judgment in Defendant's favor on judicial-estoppel grounds. (Doc. 45.) The Clerk of Court entered judgment that same day. (Doc. 46.) On March 31, 2016, Defendant filed a motion for attorneys' fees pursuant to O.C.G.A. § 9-11-68. (Doc. 50.) Section 9-11-68(b)(1) provides that:

> If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

Defendant provides evidence that it made "a reasonable, good-faith offer to settle Plaintiff's claims for $25,000.00," which

Plaintiff rejected. (Doc. 50 at 3; Ex. A.) Defendant seeks $19,819.50 in attorneys' fees incurred on its behalf after.

Plaintiff responded by filing a "motion to strike or in the alternative deny Defendant's motion for attorneys' fees." (Doc. 52.) In her motion, Plaintiff argues that Defendant's motion is untimely under Federal Rule of Civil Procedure 54(d)(2)(B)(i), which provides that motions for attorneys' fees must be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Plaintiff points out that Defendant filed its motion thirty days after the Clerk entered judgment.

Defendant did not respond to Plaintiff's timeliness argument.

Upon due consideration, the Court determines that the procedural requirements of Federal Rule of Civil Procedure 54(d)(2)(B), including the fourteen-day deadline to move for attorneys' fees, apply to Defendant's motion. Accordingly, the Court **DENIES** Defendant's motion for attorneys' fees (Doc. 50) as untimely. The Court also **DENIES** Plaintiff's motion to strike. (Doc. 52.)

**ORDER ENTERED** at Augusta, Georgia, this 21ST day of July, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

2