# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

MARK INGRAM, Individually and
as Personal Representative of
the Estate of Kellie Ingram,

    Plaintiff,

        v.                  1:14-cv-142

AAA COOPER TRANSPORTATION,
INC.,

    Defendant.

## O R D E R

Presently before the Court is defendant's motion for reconsideration. The motion questions whether the fourteen-day time limit for requesting attorneys' fees under Federal Rule of Civil Procedure 54(d)(2) applies to attorneys' fees awarded under Georgia law by a district court sitting in diversity. The Court, once again, finds that it does.

## I. BACKGROUND

Georgia law provides that, under certain conditions, a defendant shall recover attorneys' fees and litigation expenses if the plaintiff rejects a reasonable settlement offer and subsequently suffers an adverse judgment. O.C.G.A. § 9-11-68(b)(1). Defendant made a timely settlement offer, Plaintiff rejected the offer, and Plaintiff subsequently lost at summary

judgment before this Court. The Court entered its summary judgment decision on March 1, 2016. (Doc. 46.)

The Federal Rules of Civil Procedure require parties requesting attorneys' fees to file a motion with the Court fourteen days after entry of judgment, Fed. R. Civ. Proc. 54(d)(2), but O.C.G.A. § 9-11-68(b)(1) sets no deadline for requesting attorneys' fees. A previous version of § 9-11-68, however, provided a thirty-day window to request fees. O.C.G.A. § 9-11-68(b)(1) (2005). Defendant filed a motion for fees on March 31, 2016, presumably under the opinion that the § 9-11-68's thirty-day provision governed. (Doc. 50.) Plaintiff opposed Defendant's motion on the grounds that it exceeded the fourteen-day time limit imposed by Rule 54(d)(2). (Doc. 52.) Defendant did not file a reply brief. The Court agreed with Plaintiff and denied Defendant's motion for attorneys' fees (Doc. 53.) Defendant now moves for reconsideration.

## II. LEGAL STANDARD

"In considering a motion for reconsideration, a court must balance the need for finality and judicial economy against the need to render just decisions." Collins v. Int'l Longshoremen's Ass'n Local 1423, No. 2:09-cv-093, 2013 WL 393096, at *1 (S.D. Ga. Jan. 30, 2013). Generally, a motion for reconsideration should only be granted if there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need

to correct clear error or prevent manifest injustice." Insured Deposits Conduit, LLC v. Index Powered Fin. Servs., LLC, No. 07-22735, 2008 WL 5691349, at *1-2 (S.D. Fla. Mar. 14, 2008); accord Bryant v. Jones, 696 F. Supp. 2d 1313, 1320 (N.D. Ga. 2010); Merrett v. Liberty Mut. Ins. Co., No. 3:10-cv-1195, 2013 WL 5289095, at *1 (M.D. Fla. Sept. 19, 2013). Because reconsideration is an extraordinary remedy to be employed sparingly, the movant must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. Voter Verified, Inc. v. Election Sys. & Software, Inc., No. 6:09-cv-1969, 2011 WL 3862450, at *2 (M.D. Fla. Aug. 31, 2011). A motion for reconsideration should not be used to present arguments already heard and dismissed, or to offer new legal theories or evidence that a party could have presented before the original decision. S.E.C. v. Mannion, No. 1:10-cv-3374, 2013 WL 5999657, at *2 (N.D. Ga. Nov. 12, 2013).

### III. ANALYSIS

In its motion, Defendant argues that reconsideration is warranted for three reasons. First, Defendant argues that Rule 54 does not apply to § 9-11-68. Second, Defendant contends that even if Rule 54 does apply, denying the motion for attorneys' fees would contravene its spirit. Third, Defendant argues that even if Rule 54 does apply and denial would not contradict its spirit, Local Rule 54.2(c) provides thirty days for filing

3

motions for attorneys' fees. The Court finds none of these arguments persuasive.

### A.

The Court begins with Plaintiff's argument that Rule 54 does not apply to fees requested under O.C.G.A. § 9-11-68(b)(1). Federal courts have concluded that the attorneys' fee provision of § 9-11-68 is a substantive rule of law that applies to claims based on Georgia law and heard under the federal courts' diversity jurisdiction. Wheatley v. Moe's Southwest Grill, LLC, 580 F. Supp. 2d 1324, 1327-29 (N.D. Ga. 2008); Gowen Oil Co., Inc. v. Abraham, No. CV 210-157, 2012 WL 1098568, at *2, n.4 (S.D. Ga. Mar. 30, 2012). Plaintiff argues, however, that no federal court has held that the fourteen-day deadline imposed by Rule 54 applies to attorneys' fees awarded under § 9-11-68. This Court suspects the lack of case law has more to do with the certainty of the answer than the difficulty of the question.

The answer, of course, is that when a federal rule of civil procedure covers the issue in dispute, it governs. Shady Grove Orthopedic Assocs. v. Allstate Ins. Co., 559 U.S. 393, 398 (2010). The Rule Enabling Act grants the Supreme Court the power "to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts" provided that "such rules shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072. Because the Federal Rules of Civil Procedure are

4

promulgated under the authority of this Act, they have the force of federal statute. Sibbach v. Wilson & Co., 312 U.S. 1, 13 (1941). Thus, by virtue of the Supremacy Clause, a Federal Rule of Civil Procedure which covers the issue in dispute will prevail over a state procedural rule provided that the federal rule "transgresses neither the terms of the Enabling Act nor constitutional restrictions." Hanna v. Plumer, 380 U.S. 460, 471 (1965); Shady Grove, 559 U.S. at 406-07.

Rule 54 does not transgress the Rules Enabling Act because it governs only the mechanical method by which attorneys' fees are awarded. See Shady Grove, 559 U.S. at 407. A rule will not transgress the Act as long as it regulates only the process of enforcing rights and duties under substantive law and does not alter the underlying rights and duties themselves. Sibbach, 312 U.S. at 14; see Shady Grove, 559 U.S. at 407. Although Rule 54 might appear to have altered the Defendant's substantive rights, it has not. Rule 54 states clearly the steps that each party must take to properly enforce the substantive rights granted them by the State of Georgia. See Shady Grove, 559 U.S. at 407-08. That it gave the parties fourteen days to enforce that right, rather than thirty days (or more), does not mean that it abridged the substantive rights of the parties. See id.

A procedural rule might become outcome determinative in any case, but that is not reason enough to declare that it abridges

a substantive right. <u>Hanna</u>, 380 U.S. at 466-69. Focusing solely on whether a rule determines the outcome of an issue is insufficient because in some sense "<u>every</u> procedural variation is 'outcome determinative.'" <u>Id.</u> at 468 (emphasis in original). In this case, Rule 54 provided a defined path by which Defendant might avail itself of its right to attorneys' fees. Defendant, however, failed to follow that path. Admittedly, at this stage of the proceeding, the choice between Rule 54 and § 9-11-68 <u>is</u> outcome determinative. However, had Defendant filed a motion within the fourteen-day time limit set by Rule 54, the choice would not have been outcome determinative. Thus, Defendant, not Rule 54, is to blame for abridging its substantive right.

Neither does Rule 54 transgress the Constitution. Congress has a "long-recognized power . . . to prescribe housekeeping rules for federal courts even though some of those rules will inevitably differ from comparable state rules." <u>Hanna</u>, 380 U.S. at 473. This power flows from "the constitutional provision for a federal court system" as augmented by the necessary and proper clause. <u>Id.</u> at 472. Rule 54 exemplifies a housekeeping rule. It outlines the timeline by which parties are to make their post-judgment motions for various costs and ensures the orderly conclusion of the case. To declare Rule 54 a violation of the Constitution "would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act." <u>See id.</u> at 473-74.

The Court holds, therefore, that Rule 54's fourteen-day deadline for filing attorneys' fees applies to an application for attorneys' fees under O.C.G.A. § 9-11-68.

**B.**

The Court now moves to the Defendant's second argument—that denying attorneys' fees contravenes the spirit of Rule 54. Defendant argues that the purpose of Rule 54(d)(2)(b) (the fourteen-day provision) is "to assure that the opposing party is informed of the claim before the time for appeal has elapsed." (Doc. 54 at 2 (citing Leidel v. Ameripride Servs., 322 F. Supp. 2d 1206, 1210 (D. Kan. 2004)).) Because Plaintiff had notice of the possible attorneys' fees penalty from the moment they denied Defendant's settlement offer, Defendant argues, denying the motion on purely procedural grounds due to a sixteen-day good faith delay would violate the spirit of the rule. The Court disagrees.

The best place to start when interpreting the Federal Rules of Civil Procedure is the rules themselves. See Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 739 (1989) ("The starting point for [the] interpretation of a statute is always its language. . . ."). The first rule of the Federal Rules of Civil Procedure instructs the Court that all rules "should be construed, administered, and employed by the court and the parties to ensure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ.

7

P. 1. Rule 54 mandates that "a claim for attorney's fees . . . must be made by motion . . . not later than 14 days after the entry of the judgment." Fed. R. Civ. P. 54(d)(2)(A)-(B). Construing Rule 54 as required by Rule 1, the Court finds that it must apply Rule 54's terms.

In addition to the fact that the language of Rule 54 is unambiguous, Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992) (stating that "if the words of [a] statute are unambiguous . . . [the] judicial inquiry is complete"), a strict application of Rule 54 falls within the rules of construction demanded by Rule 1. Following the timeline provided in Rule 54 results in a just determination of the action because both parties were on notice and had equal access to the deadlines required under the Federal Rules. It also ensures a speedy and inexpensive determination of the proceeding because it mandates that all matters relating to collecting attorneys' fees are completed in an efficient manner and without undue delay. Thus, this Court has no choice but to adhere to the timeline of Rule 54(d). To do otherwise would establish a precedent that the Federal Rules of Civil Procedure are "more what you'd call 'guidelines' rather than actual rules." Pirates of the Caribbean: The Curse of the Black Pearl (Buena Vista Pictures 2003).

## C.

Defendant's final argument is that Local Rule 54.2(c) supersedes Federal Rule 54 and provides for a period of thirty days after judgment to file motions for attorneys' fees. In relevant part, Local Rule 54.2 provides:

> (b) The motion shall be filed pursuant to Federal Rule of Civil Procedure 54(d)(2) with the Clerk of the Court and served under Federal Rule of Civil Procedure 5 upon the parties against whom the award is sought.
>
> (c) Within 30 days (or such other period as the Court may prescribe) after entry of the final judgment, the movant shall file and serve a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation.

LR 54.2(b)-(c), SDGa.

Local Rule 54.2(b) does not supersede Federal Rule 54 for two reasons. First, the plain text of Local Rule 54 provides that the motion for fees must first be filed pursuant to Federal Rule 54, that is, within fourteen days after judgment. The thirty-day period described in Local Rule 54.2(c) applies not to the initial motion for attorneys' fees, but to any supplemental documentation needed for an award of attorney fees. Second, a local rule cannot supplant a Federal Rule of Civil Procedure. Brown v. Crawford County, Ga., 960 F.2d 1002, 1008-09 (11th Cir. 1992). While each district court may create local rules governing practices not covered in the Federal Rules of Civil Procedure, these rules must be consistent with the federal

9

rules. Fed. R. Civ. Proc. 83(a)(1). Thus, even if Local Rule 54.2 were susceptible to the reading Defendant employs, such a reading is not allowable.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendant's motion to reconsider. (Doc. 54.)

**ORDER ENTERED** at Augusta, Georgia, this 26th day of September, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA